IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE,                          :
                  *Plaintiff*,     :
                                   :
            v.                     :   CIVIL ACTION
                                   :   NO. 24-5916
INDEPENDENCE BLUE CROSS,           :
                                   :
                  *Defendant.*     :

## ORDER

**AND NOW**, this 26th day of March 2026, upon consideration of the Motion to Dismiss (ECF No. 12), the Amended Complaint (ECF No. 13), the Motion to Dismiss (ECF No. 14), the Response (ECF No. 15), and the Reply (ECF No. 16), it is hereby **ORDERED** as follows:

1. The Motion to Dismiss (ECF No. 12) is **DENIED** as **MOOT**.

2. The Motion to Dismiss (ECF No. 14) is **DENIED** in part and **GRANTED** in part.[1]

---

[1]    The Court grants the motion to dismiss Counts III and V. The Court denies the motion to dismiss Counts I, II, and IV.

Count III alleges an insurance bad faith claim under 42 Pa.C.S. § 8371. ECF No. 14 ("Compl.") ¶¶ 98-133. A plaintiff must demonstrate (1) "the insurer did not have a reasonable basis for denying benefits under the policy," and (2) "the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Wolfe v. Allstate Property & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015). "Bad faith" requires a showing of "frivolous or unfounded refusal" to pay the proceeds of a policy; "mere negligence or bad judgment is not bad faith." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa. Super. 108, 125 (1994). Plaintiff argues that he alleged sufficient facts to plausibly demonstrate bad faith, arguing that Defendant's interpretation of the policy was not reasonably consistent with the text. ECF No. 15 ("Pl.'s Resp.") at 20-21. Although two varying interpretations of a policy's text may permit a breach of contract claim to survive a motion to dismiss, the same is not true for a bad faith claim absent a sufficiently unreasonable interpretation. Bad faith requires additional allegations demonstrating that Defendant denied coverage with intent or with reckless disregard. Plaintiff also argues that before he purchased the policy, one of Defendant's representatives "misled" him to believe that gender affirming care and treatment would be covered. *Id.* at 21-22. However, the representative communicated the caveat that care would be "subject to medical necessity." *Id.* Even if a representative's pre-coverage communications could be considered a basis for denial, this evokes the same issue: Plaintiff and

BY THE COURT:

HONORABLE KAI N. SCOTT
UNITED STATES DISTRICT JUDGE

---

Defendant have different interpretations of the policy. Such evidence standing alone cannot carry a bad faith claim.

Count V alleges a claim under Pennsylvania's Uniform Trade Practices and Consumer Protection Law ("UTPCPL"). Compl. ¶¶ 158-183. The UTPCPL makes it unlawful for any person to use "unfair or deceptive acts or practices" in the sale of goods or services. *See* 73 P.S. §§ 201-2(4), 201-3. "The UTPCPL . . . applies to conduct surrounding the insurer's pre-formation conduct. The UTPCPL applies to the sale of an insurance policy. It does not apply to the handling of insurance claims." *Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564-65 (E.D. Pa. 2016). Again, Plaintiff alleges that prior to purchasing the policy, he had a conversation with one of Defendant's representatives. In this conversation, the representative communicated that gender affirming care and treatment would be covered subject to preapproval and medical necessity. Pl.'s Resp. at 24. Although the representative did not communicate that procedures could be denied for lack of physiological impairment—as was Defendant's eventual reason for denial—this *lack* of communication does not rise to the level of deceptiveness as a matter of law.

Therefore, Counts III and V are dismissed.